

*Jo Saint-George*
Phone: 602-326-8663
Fax:   (202) 830-2005
E-mail:
jo@woc4equaljustice.org

**VIA ECF**

October 1, 2025

Hon. Mary Kay Vyskocil
Southern District New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 18C
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  10/1/2025
```

      Re:      **Request for Emergency Order & Rule 16(c) Conference**
                **Loiacono et al v. Allied Partners Management LLC et al**
                Case No: 25-cv- 07828

Dear Judge Vyskocil:

      In your in your original Order issued September 22, 2025 you specifically ordered the parties to file a "Joint Status Report," which originally was not originally complied with despite the fact that Plaintiff submitted to Defendants just hours after the first order a draft joint report that Defendants rejected and demanded that the report be submitted in their format and limited information.

      After the Court's follow-up Order on September 29, 2025, Defendants have gone and back forth disputing the "format" that this Plaintiff's counsel has once again proposed to Defendants that allows them to insert whatever dispute information on their client's behalf.  I have carefully reviewed this Courts "Individual Rules of Practice In Civil Cases" and the only place that the term "Joint Status Report" is used is in the Section 3(e) under "Post-Discovery Conferences," which is not the status of this case, as Defendants have not filed Answers.

      Therefore, this Plaintiff's counsel understood this Court's Order to require the parties to jointly file a "Report of Rule 26(f) Meeting and Proposed Case Management Plant" pursuant to the format provided by the SDNY as of November 2023 attached as Exhibit 1 hereto, and pursuant to this Court's general practice of ordering an Initial Case Management Conference pursuant to your Rule 3(c) consistent with your inherent power to order a Pre-Trial Conference pursuant to FRCP Rule 16(a), which requires the parties to prepare to address the matters outlined in Rule 16(c).

      Consequently, this Plaintiff's counsel again prepared what this Court termed a "Joint Status Report" in the format attached in Exhibit 1 and addressed all the matters contained in the form and including all matters outlined in Rule 16(c). See Plaintiffs Draft Report attached as Exhibit 2 Defendants

again have refused Plaintiffs proposed Joint Status Report but now they are claiming that the "format is wrong" and that all matters covered are not required nor authorized.

By way of background, when Plaintiff served its Complaint on Defendants back on April 28, 2025, the Complaint was served with an disclosure of all the documents and case law and expert testimony – essentially Plaintiffs Rule 26(a) disclosure statement with a detailed Settlement proposal and Rule 11 notice with a list of 218 cases warning Defendants that in the event they seek to file Motion to Dismiss based on the legal argument that Plaintiff does not have a private right of action based on the *Donovan v. OSHA*, 713 F.2d 918 (2d Cir. 1983) that Plaintiff would seek a Rule 11 because that case nor any of the 218 cases provided in the list do not stand for the alleged legal argument Defendants would make. Plaintiffs' settlement letter requested a Rule 26(f) "meet and confer" to discuss possible resolution and/or elimination of legal arguments and factual issues.

Defendants SEIU and Realty Advisory Bord of Labor Relations (RABLR) asked for time to review the material, but never emailed nor picked-up the phone to schedule the Rule 26(f) meet and confer to discuss the case. Neither did Defendants deliver a Rule 26(a) disclosure statement 30 days after service of the Complaint. Instead, and without notice to Plaintiff, Defendants filed requests with the Court asking for extensions to file an response at ECF #24 on May 7, 2024 and on that same date Defendants file at ECF #25 what was titled a Rule 26(f) Discovery Plan Report, but the document filed was merely a proposed order for the continuance. Thereafter, Defendants filed a Letter Motion to Dismiss at ECF #25, #27 and #28 and at ECF #29, a request for a Stay of Discover. Moreover, Defendants Allied Management Partners, LLC ("Allied") and 200 E. 79 Street Condominiums ("Condo")  - were also served the Plaintiffs Complaint and all amendments thereto, and to date have not file anything in this case, except a Notice of Appearance, despite the fact that Allied and Condo were ordered by the EDNY to file a response by September 21, 2025, which they have failed to do in that court before the case was transferred and have failed to do in this Court. All Defendants including Allied and Condo have refused to meet and confer to address anything.

Defendants again have not met and conferred with Plaintiff on any of the matters filed with the Court and neither have Defendants filed any Rule 26(f) Discovery Plan Report. Consequently, this counsel has insisted that the joint submission ordered by this Court must be in the format provided in <u>Exhibit 1</u> attached that addresses the specific matters in Rule 16(a) and (c), which includes admissions and stipulations that can be reasonably provided in the report and at the Rule 16(c) Pre-trial Conference.

Defense counsel for SEIU purporting to be representing all Defendants has finally agreed to meet and confer today at 9:30am but we still have the dispute over the "format" and content of the "Joint Status Report." Therefore, Plaintiff requests the following emergency order so that the meet and confer objective is accomplished.

<u>EMERGENCY ORDER REQUEST TODAY</u>

This counsel, therefore, requests the following orders:

1. that the Joint Status Report should be in the format of the "sample" report attached as <u>Exhibit 1</u>.

2. Rule 16(a) Pre-Trial Conference is scheduled as soon as October 10, 2025 but no later than October 15, 2025, in – person. Plaintiff will fly out to this conference.

3. Order Defendants Allied and Condo to file by October 6, 2025 a separate short Letter Motion explaining why it has not filed a response as ordered by the previous court and whether SEIU and Defendants Allied and Condo have entered into some type of "joint defense" agreement that would allow SEIU to file joint reports and letter motions on behalf of Allied and Condo as co-defendants.

Because SEIU is the union that represents the interest of employees, specifically the interest of Plaintiff and Defendant Condo is Plaintiffs employer and Allied is the manager of Condo responsible for managing employees – namely Plaintiff, Plaintiff believes that SEIU has a conflict of interest with Defendants Allied and Condo by virtue of their opposing roles and the filings by SEIU and proposed joint report recommended by SEIU cannot represent the interest of ALL Defendants.

While Plaintiffs proposed report in <u>Exhibit 2</u> indicates a motion for entry of default is against Allied and Condo is anticipated; for efficiency purposes, this counsel does not want to waste anymore time on motion drafting if those Defendants come up with some excuse for their failures that is excepted by this Court.

It appears that all the actions by Defendants are nothing more than ambush tactics for delay and confusion to obtain an inappropriate dismissal, without this Court being fully informed regarding the status and issues in this case through a Report on Rule 26(f) Meeting and Proposed Case Management Plan.

Respectfully Submitted,

/s/ *Jo Saint-George*

Jo Saint-George (Pro Hac Vice -Co-Counsel)

cc:   Defense Counsel

The Court's September 22, 2025 Order was not intended to be a strenuous task. Plaintiffs misquote the Court when they state that the Court ordered a "Joint Status Report." The Court twice ordered the parties to file a "Joint Status Letter." [ECF Nos. 56, 62]. The Court did not request a report of a Rule 26(f) meeting or a Case Management Plan and the parties need not file the joint letter in the format of the document filed at ECF No. 64-1. Moreover, Plaintiffs captioned this letter as a "Request for Emergency Order." However, the Court's review of the letter demonstrates no need for emergency relief. Accordingly, IT IS HEREBY ORDERED that Plaintiff's request is DENIED.

The September 22 and September 29 orders simply require that the parties together file a letter "regarding the status and procedural history of the case." [ECF Nos. 56, 62]. Instead, the Court now has two separate letters from the parties reporting on disputes between the parties that arose while crafting a joint letter. The joint letter remains due on October 6, 2025. This matter will be handled in the normal course.

The parties are again admonished to work cooperatively.

**The parties are reminded that failure to comply with this Order or with any order of the Court or failure to comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties' discovery or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

SO ORDERED.

Date: 10/1/2025
New York, New York

Mary Kay Vyskocil
United States District Judge