USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/5/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN LOIACONO, individually and on behalf of similarly situated individuals,

    Plaintiff,

-against-

ALLIED PARTNERS MANAGEMENT LLC, 200 EAST 79TH STREET LLC, REALTY ADVISORY BOARD ON LABOR RELATIONS, INC., SERVICE EMPLOYEES INTERNATIONAL UNION (SEIU) LOCAL 32BJ, AND DOES 1-20,

    Defendants.

---

1:25-cv-07828 (MKV)

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

    The Court is in receipt of the most recent application by Plaintiff, who is represented by counsel. The application is styled as an "FRCP Rule 60(a) Motion For Vacature Of Discovery Stay, Local Rule 6.3 Motion For Reconsideration and Request For Order To Show Cause Under Rule 11(c)(3)" ("App."). [ECF No. 86]. The application failed to include a "notice of motion" as required under the Local Rules. *See* Local Civil Rule 7.1(a). The Court is also in receipt of Defendants' Letter Response ("Response") [ECF No. 87], and Plaintiff's Reply ("Reply") [ECF No. 88]. For the reasons contained herein, Plaintiff's application is DENIED in its entirety.

    First, pursuant to Rule 60(a) or alternatively Rule 60(b)(6), Plaintiff requests that this Court vacate the current stay of discovery issued by Magistrate Judge Marutollo on July 24, 2025, before the case was transferred from the Eastern District of New York to this Court. App. at 3-5. Judge Marutollo's Individual Practices and Rules make clear that "[a]s a general matter, and unless otherwise directed by the presiding District Judge, all non-dispositive pre-trial motions, including discovery motions, are to be made to Judge Marutollo." Individual Practices and Rules of

Magistrate Judge Joseph A. Marutollo § VI; *see also Palladino v. JPMorgan Chase & Co.*, 730 F. Supp. 3d 4, 9 (E.D.N.Y. 2024) ("A magistrate judge is authorized to make findings as to non-dispositive pretrial matters, such as discovery matters[.]") (citation omitted). Under the Federal Rules of Civil Procedure, a party has fourteen days to object to a Magistrate Judge's non-dispositive pre-trial order. *See* Fed. R. Civ. P. 72(a). The pending application is, in reality, an untimely objection to Magistrate Judge Marutollo's order and should be denied on this ground alone.

In any event, Plaintiff's argument fails on the merits. Plaintiff argues that the stay of discovery must be vacated because the Magistrate Judge incorrectly "assumed Defendants required discovery to prepare their defenses" when, in reality, Defendants conceded that their defenses are "purely legal." App. at 1-5. As an initial matter, Rule 60(a) is not the proper vehicle for Plaintiff's sought-after relief. *See Consumer Fin. Prot. Bureau v. Sprint Corp.*, 320 F.R.D. 358, 363 (S.D.N.Y. 2017) (explaining that Rule 60(a) is not "meant to provide a way for parties to relitigate matters already decided, to change errors in what a court has deliberately done, or to attempt to establish a right to relief which the court has not previously recognized") (quoting *Peyser v. Searle Blatt & Co., Ltd.*, No. 99 Civ. 10785(WK), 2003 WL 1610772, at *1 (S.D.N.Y. Mar. 24, 2003)). Further, as Plaintiff is no doubt aware, Defendants have merely sought and been granted leave to file motions to dismiss arguing that Plaintiff has failed to state a claim even if every factual allegation in his complaint were accepted as true. Response at 1. Asserting purely legal defenses at a motion to dismiss does not suggest that Defendants have abandoned a need for discovery should the case proceed beyond the motion to dismiss stage. Plaintiff also claims that the discovery stay should be vacated because Defendants, in initially seeking the stay, never explained in detail why discovery would be "broad, extremely burdensome and involve significant motion practice." App. at 4. However, the Magistrate Judge need not have so found in order to stay discovery

2

pending resolution of the Defendants' motion to dismiss. *See Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (noting that a stay of discovery pending resolution of a dispositive motion is appropriate "where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law") (citation omitted) (alterations in original); *see also Amron v. 3M Minnesota Mining & Manufacturing Co.*, No. 23-CV-8959 (PKC) (JMW), 2024 WL 263010, at *2 (E.D.N.Y. Jan. 24, 2024) (noting "the breadth of discovery and the burden of responding to it" is but one factor that courts "typically consider" to determine whether a stay of discovery is appropriate) (citation omitted). In any event, Defendants did explain that discovery will likely be extremely burdensome because Plaintiff asserts four claims against multiple organizations with multiple employees, asserts claims that insinuate a vast conspiracy with third parties, seeks to include claims against many more yet-unnamed defendants, and seeks class certification. [ECF No. 32]. Accordingly, Plaintiff's application to vacate the discovery stay is DENIED.

Next, Plaintiff, for the third time and despite no change in circumstances, again requests leave to file a cross-motion for summary judgment. App. at 5-7. This Court has twice denied Plaintiff's request. [ECF Nos. 69, 80]. In the recent Order denying Plaintiff's request, the Court made clear that Plaintiff offered no rationale for why the Court should depart from its prior denial and thus denied the request "without prejudice to renewal *following discovery* in this matter." [ECF No. 80 (emphases added)]. Plaintiff now moves this Court to reconsider its Order by regurgitating the same argument that Defendants have disavowed any need for discovery by asserting legal defenses at the motion to dismiss stage. This is the same argument Plaintiff presented to the Court when Plaintiff originally moved to file a cross-motion for summary judgment. [*See* ECF No. 66 at 6 (Plaintiff requesting leave to file cross-motion for summary judgment because "Defendants['] dismissal claims contained in their Letter Motions at ECF #27

and 28 are purely legal questions warranting a motion for summary judgment on the merits")]. Plaintiff's request for reconsideration on the same basis that the Court has already rejected is frivolous. Accordingly, Plaintiff's request to file a cross-motion for summary judgment is DENIED with prejudice until the conclusion of discovery in this case.

Further, Plaintiff requests that the Court order that Defendants "justify their reliance on inapplicable authority" should they seek Rule 11 sanctions in this case. App. at 9-10. Plaintiff provides no basis for relief at this point and that application is DENIED.

Lastly, in his Reply, Plaintiff requests that this Court sanction Defendants under its inherent authority for Defendants' alleged violations of procedural rules, including an alleged violation of Local Rule 7.1(e) because Defendants filed a letter response as opposed to "formal motion papers accompanied by a memorandum of law" in opposition to Plaintiff's application. Notably, Plaintiff, in his Reply, concedes that he also violated Rule 7.1 because he failed to include the requisite "notice of motion" when filing the pending application. *See* Reply. Plaintiff further concedes that he did not abide by this Court's Individual Rules of Practice in Civil Cases ("Individual Rules"), requiring that he file a pre-motion letter seeking leave to file motions for sanctions. Individual Rules § 4(A)(i). Accordingly, Plaintiff's request is DENIED without prejudice to renewal.

***Plaintiff and his counsel are on notice that further frivolous motions will not be tolerated and may result in the imposition of sanctions. Plaintiff is further reminded that failure to comply with this Order or with any order of the Court or failure to comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties' discovery or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.***

The Clerk of Court is respectfully requested to terminate docket entry 86.

4

**SO ORDERED.**

Date: **November 5, 2025**  
New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

5