USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/28/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN LOIACONO, individually and on behalf of similarly situated individuals,

Plaintiff,

-against-

ALLIED PARTNERS MANAGEMENT LLC, 200 EAST 79TH STREET LLC, REALTY ADVISORY BOARD ON LABOR RELATIONS, INC., SERVICE EMPLOYEES INTERNATIONAL UNION (SEIU) LOCAL 32BJ, AND DOES 1-20,

Defendants.

1:25-cv-07828 (MKV)

**ORDER GRANTING MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff John Loiacono, individually and on behalf of similarly situated individuals, brings this action against Defendants Realty Advisory Board on Labor Relations, Inc. ("RAB"), Service Employees International Union Local 32BJ ("32BJ"), the Board of Managers of 200 East 79th Street Condominium, 200 East 79th Street Condominium ("200 East 79th Street"), Allied Partners Management, LLC ("Allied"), Allied Partners, Inc. and Allied Partners Residential Management, LLC,[1] Silverstein Properties, LLC, Brookfield Corporation, Qatar Investment Authority Advisory (USA), Inc., CommonWealth Partners, LLC, Rockefeller Group Development Corporation, Rockefeller Group Inc., Bryant Park Corporation, Sabey Data Center Properties LLC, Moynihan Station Development Corporation, Trinity Church, and "Does 10-20," asserting that he and other real estate industry workers were discharged and discriminated against after they refused on

[1] The Court notes that Allied Partners, Inc. and Allied Partners Residential Management, LLC have not been served, but the FAC treats these entities as interchangeable with Defendant Allied Partners Management LLC, which has been served, and refers to them collectively as "Allied." FAC ¶¶ 21-28.

religious grounds to comply with New York City's December 13, 2021 emergency order requiring that private sector employees mandate COVID-19 vaccination for their NYC-based employees (the "Vaccine Mandate").

After amending his complaint four times before this case was transferred from the Eastern District of New York, [ECF Nos. 16, 36, 42, 48], Plaintiff, with leave of court, filed the operative Fifth Amended Complaint ("FAC"). [ECF No. 84]. Four Defendants named in the operative FAC have been served and/or appeared in this case: RAB, 32BJ, 200 East 79th Street, and Allied (collectively the "Served Defendants").[2] The other Defendants have not been served and have not appeared (collectively, "Unserved Defendants").[3]

Plaintiff asserts five claims for relief: (1) a claim styled as "Federal Preemption Under Occupational Safety and Health Act [('OSHA')]," which seeks a ruling that the Vaccine Mandate is preempted by OSHA; (2) a claim for wrongful discharge under OSHA; (3) a claim under 42 U.S.C. § 1983 for conspiring to deprive Plaintiff of his rights under OSHA, the First Amendment

[2] Throughout his various complaints, Plaintiff has added and dropped various Defendants with reckless abandon, often adding new Defendant entities with slightly different names from those already sued but nonetheless treating them as interchangeable. The Court notes that Defendant 200 East 79th Street Condominium, which has appeared in this case, does not appear to have been served. In prior versions of his complaint, Plaintiff named as a Defendant an entity "200 East 79th Street LLC," which had been served, [ECF No. 18], and another entity "200 East 79th Street LLC. Condominium." However, these entities were since dropped and are not named in the operative FAC. Throughout the FAC, Plaintiff makes clear that 200 East 79th Street Condominium is a Defendant in this action despite the fact that 200 East 79th Street Condominium is not named in the caption. FAC ¶¶ 4, 17. Further, the FAC appears to treat Defendant Board of Managers of 200 East 79th Street Condominium as interchangeable with Defendant 200 East 79th Street Condominium. FAC ¶¶ 17-21 ("Defendant 200 East 79th Street Condominium is a building of individually owned residential condominium units located at 200 E 79th St, New York, NY 10075 that has granted power of attorney to its Condominium Board ("Condo Board").). Despite the fact that it does not appear to have been served or named in the caption of the FAC, 200 East 79th Street Condominium has filed a notice of appearance through counsel in this action, [ECF Nos. 45, 73], and has joined, along with the other three Served Defendants, the pending motion to dismiss the FAC. [ECF No. 93]. Plaintiff's own imprecision, deliberate or not, in appropriately naming in the caption all of the Defendants he purports to bring claims against in the body of the FAC, cannot avoid the applicability of this decision to Defendant 200 East 79th Street Condominium. Plaintiff is clearly asserting claims against 200 East 79th Street Condominium. Defendant 200 East 79th Street Condominium has appeared through counsel, has been treated as a Defendant throughout this litigation, and now moves to dismiss the claims lodged against it in the FAC.

[3] "Does 10-20" are referenced in the caption of the FAC but never again in the document.

Free Exercise Clause, and the Fourteenth Amendment Substantive Due Process Clause; (4) a claim under New York law for fraudulent concealment; and (5) an unfair labor practice claim in violation of the National Labor Relations Act §§ 8(a)(3), 8(b)(1)(A), 8(b)(2) ("NLRA"). *See generally* FAC. All of Plaintiff's claims are asserted against all Defendants (served and unserved alike).

Before the Court is the Served Defendants' motion to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 93].[4] In support, Served Defendants filed a memorandum of law ("Mem."). [ECF No. 94]. Plaintiff filed an opposition ("Opp'n"). [ECF No. 103]. Served Defendants filed a reply ("Reply"). [ECF No. 108].

For the following reasons, Served Defendants' motion is granted is its entirety and Plaintiff's claims against all Defendants, Served and Unserved alike, are dismissed with prejudice.

## BACKGROUND

### *A. Factual Background*[5]

Plaintiff alleges that he was employed by Defendant 200 East 79th Street and worked in the building at that address. FAC ¶¶ 15, 17. The building and its employees were managed by Defendant Allied, Allied Partners, Inc., and Allied Partners Residential Management, LLC. FAC ¶¶ 20-27. Defendant RAB is a "not-for-profit corporation that provides labor relations services" to real estate owners including Allied. FAC ¶¶ 32, 57. Plaintiff alleges he was a member of Defendant 32BJ, a labor union. FAC ¶¶ 38-39. The majority of the Unserved Defendants allegedly

---

[4] Since Plaintiff lodges the same claims against the Unserved Defendants as he does against the Served Defendants who have moved to dismiss, the Court, in resolving Defendants' motion to dismiss, also resolves the equally meritless claims against the Unserved Defendants, which necessarily fail for the same reasons. *See Gibson v. Mount Vernon Montefiore Hosp. Exec. Dir.*, No. 22-cv-4213 (KMK), 2024 WL 1217528, at *9 n.14 (S.D.N.Y. Mar. 19, 2024) (dismissing claims against defendant who had not been served given they suffered from the same deficiencies as against those who were served and collecting cases holding the same); *Conway v. Conway*, No. 17-cv-8245 (RJS), 2019 WL 1331624, at *6 (S.D.N.Y. Mar. 25, 2019) ("Since Audalla is named with all the Company Defendants in Plaintiffs' RICO, declaratory judgment, and breach of fiduciary duty causes of action, the Court will address the claims against Audalla as well, even though he has not appeared or filed a motion.").

[5] The facts are taken from the FAC, and for purposes of resolving this motion, are accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

employ real estate industry service workers other than Plaintiff, John Loiacono. FAC ¶¶ 46-56.[6] Plaintiff alleges that Allied/200 East 79th Street and the Unserved Defendants that employ real estate industry service workers "authorized and utilized" RAB as its "labor-relations representative and bargaining agent for purposes of collective bargaining" with Defendant 32BJ regarding terms and conditions of employment for real estate industry service workers like Plaintiff. FAC ¶¶ 31, 32, 57.

On December 13, 2021, New York City issued the Vaccine Mandate requiring private employers to mandate COVID-19 vaccinations for their employees by December 27, 2021. FAC ¶¶ 128-130; *see also* FAC, Ex. 1 [ECF No. 84-1] (New York City's Vaccine Mandate issued December 13, 2021). The Vaccine Mandate stated that "[n]othing in this Order shall be construed to prohibit reasonable accommodations for medical or religious reasons." FAC, Ex. 1. Plaintiff alleges 32BJ and RAB executed several "Memorandums of Agreement ('MOAs')" which established guidance for enforcing the Vaccine Mandate for real estate industry/building service workers that Allied and the Unserved Defendants, which allegedly employ such workers, then implemented. FAC ¶¶ 58-61. Seemingly referring to these MOAs, Plaintiff alleges that all Defendants "promulgated" policies requiring vaccination as a condition of employment that "failed to disclose employees' federal rights relevant to medical refusal and anti-retaliation protections, and were implemented in a manner that conflicted with the federal statutory scheme governing occupational safety and health." FAC ¶¶133-135. Specifically, he alleges RAB and 32BJ entered into an agreement on behalf of Allied and all other Unserved Defendants which allegedly employ real estate industry service workers to either (1) place all employees without

---

[6] These Defendants include Silverstein Properties, LLC, Brookfield Corporation, Qatar Investment Authority Advisory (USA), Inc., CommonWealth Partners, LLC, Rockefeller Group Development Corporation, Rockefeller Group Inc., Bryant Park Corporation, Sabey Data Center Properties LLC, Moynihan Station Development Corporation, and Trinity Church. FAC ¶¶ 46-56.

proof of vaccination on unpaid leave until they get vaccinated or obtain a religious exception or (2) separate employees who did not accept leave without pay. FAC ¶ 139.

Plaintiff alleges that he and others similarly situated suffered adverse employment actions, including discharge, for asserting their right to object to vaccination. FAC ¶¶ 4, 7, 136. Plaintiff alleges that, on or around December 22, 2021, he was told by Allied's Resident Manager that he had to be vaccinated by December 27, 2021 to continue working. FAC ¶ 140. Plaintiff thereafter submitted an email on December 24, 2021 requesting an exemption on religious grounds. FAC ¶¶ 147-48. On January 18, 2022, Allied allegedly informed Plaintiff in a letter that he was placed on leave without pay due to the Vaccine Mandate and his failure to get vaccinated. FAC ¶ 152. Somewhat confusingly, Plaintiff also alleges that he received an email on April 18, 2022 stating he was placed on leave without pay until April 21, 2022. FAC ¶ 163.[7] Plaintiff alleges that other employees of Allied/200 East 79th Street were allowed to continue working even after objecting to the vaccine. FAC ¶ 164. He further alleges that "Defendants failed to automatically reinstate" him with backpay after the COVID state of emergency was lifted in October 2022 and have not done so to this day. FAC ¶¶ 165, 195.

***B. Procedural History***

On January 18, 2025, Plaintiff initiated this action in the Eastern District of New York. [ECF No. 1]. Thereafter, Plaintiff filed an amended complaint. [ECF No. 16]. Defendants RAB and 32BJ subsequently filed pre-motion letters concerning their contemplated motions to dismiss. [ECF Nos. 20, 27, 28]. On July 24, 2025, Magistrate Judge Marutollo issued a stay of discovery in the case pending resolution of the motions to dismiss. 7/24/2025 Order. Plaintiff subsequently amended his complaint three more times. [ECF Nos. 36, 42, 48]. Upon reviewing the Fourth

---

[7] Elsewhere Plaintiff again confusingly alleges that he was discharged on January 18, 2025, but also that he was placed on involuntary leave without pay until April 21, 2025. FAC ¶ 194.

Amended Complaint, Judge Ann Donnelly of the Eastern District of New York issued a text order directing Plaintiff to show cause why venue is proper in the Eastern District of New York. 8/26/2025 Text Order. After hearing from the parties, Judge Donnelly, on September 15, 2025, transferred the case to the Southern District of New York upon consent. 9/15/2025 Text Order.

Thereafter, the parties submitted a joint status report as Ordered by this Court, which outlined the history of the case and certain pending requests. [ECF No. 66]. In turn, the Court granted Defendants RAB and 32BJ leave to file their contemplated motion to dismiss, denied Plaintiff's motion to convert the contemplated motion to dismiss into a motion for summary judgment, and granted Plaintiff leave to file a Fifth Amended Complaint to add Defendants he claims "also agreed to terminate all unvaccinated employees represented by" 32BJ. [ECF No. 69]. In granting Defendant leave to file a Fifth Amended Complaint, the Court made clear that Plaintiff has been afforded several opportunities to amend his complaint, and the Court will not grant Plaintiff additional opportunities to amend his complaint unless Plaintiff shows that "justice so requires." [ECF No. 69].

Thereafter, and before Plaintiff had filed the Fifth Amended Complaint, Allied and 200 East 79th Street filed a pre-motion letter seeking to dismiss the Fourth Amended Complaint, [ECF No. 71]. The Court granted 200 East 79th Street and Allied leave to file a motion to dismiss, ordered Plaintiff to file his Fifth Amended Complaint on or before October 22, 2025, and ordered all appearing Defendants to respond to the Fifth Amended Complaint within 14 days of its filing. [ECF No. 72]. Thereafter, Plaintiff timely filed a Fifth Amended Complaint which the Clerk of Court flagged as deficient. [ECF No. 74]. Shortly thereafter, Plaintiff corrected the error and filed his Fifth Amended Complaint. [ECF No. 79]. However, two days later, Plaintiff sought leave to file a "corrected" Fifth Amended Complaint to correct various "clerical error[s]" regarding "improperly named parties etc." [ECF Nos. 82]. The Court granted the request but noted that

"further amendments for clerical errors will not be granted absent good cause." [ECF No. 83]. Finally, Plaintiff filed the operative Fifth Amended Complaint. [ECF No. 84]. Served Defendants then moved to dismiss the Fifth Amended Complaint, [ECF No. 93], and briefing on the motion is complete.

Since this case was transferred to the Court, the Court notes that Plaintiff repeatedly sought leave to file frivolous or improper motions. Plaintiff has repeatedly and improperly moved for leave to file motions for summary judgment, which this Court consistently rejected given the early stage of the litigation. [ECF Nos. 69, 80, 92]. Relatedly, the Court rejected Plaintiff's application to vacate the stay of discovery issued by Magistrate Judge Marutollo in yet another transparent attempt to end-run the Court's rejections of his attempts to short-circuit the ordinary course of the litigation and file a motion for summary judgment. [ECF No. 92]. Further, after briefing on the motion to dismiss was completed, Plaintiff sought leave to move for sanctions against Defendants based on arguments they raised in their pending motion to dismiss. [ECF No. 113]. The Court denied the request without prejudice noting Plaintiff sought to sanction opposing counsel for supposed meritless arguments before the Court had an opportunity to review and rule on the pending motion. [ECF No. 115]. The Court further warned Plaintiff "that the recent filings concerning the contemplated motion for sanctions are abusive and harassing in nature." [ECF No. 115].

The Court notes that while the motion was pending, the Second Circuit, in a litigation touching on many of the exact same legal issues presented here and brought by the same Plaintiff's counsel, rejected the supposedly novel legal claims Plaintiff raises in this case. *Ioio v. City of New York*, No. 24-3252, 2026 WL 731089 (2d Cir. Mar. 16, 2026).[8]

---

[8] At the same time, the Second Circuit also referred attorney Jo Saint-George, who represents Plaintiff in this case, to the Court's Grievance Panel pursuant to Local Rule 46.2 for further investigation, and for consideration of a referral

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the Court "must accept as true all of the allegations contained in a complaint," this "tenet . . . is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The Court may also consider "documents attached to the complaint as an exhibit." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

## DISCUSSION

### I. Occupational Safety and Health Act

In his first cause of action, Plaintiff asserts that the Vaccine Mandate issued by New York City is federally pre-empted by OSHA. FAC ¶¶ 174-182. Relatedly, in his second cause of action, Plaintiff alleges wrongful discharge under OSHA because allegedly he was discharged for objecting to the vaccine. FAC ¶¶ 183-205. With respect to his second cause of action, Plaintiff relies on 29 U.S.C. § 660(c)(1), which prohibits discharging employees for exercising rights afforded under OSHA, and 29 U.S.C § 669(a)(5), which authorizes the Secretary of Health and Human Services to conduct research but provides that "[n]othing in this or any other provision of this chapter shall be deemed to authorize or require medical examination, immunization, or treatment for those who object thereto on religious grounds, except where such is necessary for

---

to the Committee on Admissions and Grievances for using "false citations" in her opening appellate brief and purporting "to represent as a plaintiff in th[e] action [in the District Court below] someone who expressly asked not to be involved." *Id.* at *4.

the protection of the health or safety of others." 29 U.S.C § 669(a)(5). In his opposition, Plaintiff argues that once the Court determines that OSHA preempts New York City's Vaccine Mandate, the Court should rule that OSHA affords him a private right of action. Opp'n at 23. However, both claims fail and must be dismissed.

As the Second Circuit recently held concerning nearly identical claims brought by Plaintiff's attorney, Plaintiff is "incorrect that [OSHA] precludes the City's ability to issue and enforce the challenged vaccine mandates." *Ioio*, 2026 WL 731089, at *3. This binding authority alone requires dismissal of Plaintiff's first cause of action. Moreover, "the Supremacy Clause is not the source of any federal rights . . . and certainly does not create a cause of action." *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324-25 (2015). Plaintiff cites no authority whatsoever to support his ability to bring a purported preemption claim against Served Defendants, who are private entities, concerning a Vaccine Mandate, which was no longer in force when he initiated this suit. *See Ioio*, 2026 WL 731089, at *3 ("[W]e lack jurisdiction to consider Appellants' preemption argument because the challenged vaccine mandates are no longer in effect, and thus it is impossible for us to grant any relief on Appellants' preemption claim.").

Preemption aside, Plaintiff cannot claim that the Vaccine Mandate violates OSHA because OSHA specifically excepts from the prohibition on requiring a vaccine for those who object on religious grounds circumstances "where such is necessary for the protection of the health or safety of others." 29 U.S.C. § 669(a)(5). Moreover, it is settled law that "'[u]nder OSHA, employees do not have a private right of action.'" *Ioio*, 2026 WL 731089, at *3 (quoting *Donovan v. OSHRC*, 713 F.2d 918, 926 (2d Cir. 1983); *see also Toussaint v. One Brooklyn Health Sys./Brookdale Hosp. Med. Ctr.*, No. 24-cv-07573 (RPK) (LKE), 2026 WL 2687269, at *2 (E.D.N.Y. Sept. 14, 2026) (similarly dismissing OSHA claim because it does not create a private right of action and noting that "[e]ven if OSHA preempted the vaccine mandate, plaintiffs would need a private right of

action to pursue their claims under OSHA against their employers based on the theory that their employers' action in discharging them violated the statute"). "[I]t is apparent from the detailed statutory scheme that the public rights created by the Act are to be protected by the Secretary [of Labor], and that enforcement of the Act is the sole responsibility of the Secretary." *Donovan*, 713 F.2d at 927 (citations omitted).

In short, Plaintiff's preemption claim and legal theory that OSHA provides a private right of action, has been flatly rejected by the Second Circuit. Accordingly, Served Defendants' motion to dismiss Plaintiff's first and second causes of action is granted.

**II. Section 1983 Claims**

Plaintiff's third cause of action is brought pursuant to 42 U.S.C. § 1983 and alleges a conspiracy to deprive Plaintiff of his rights under OSHA, the First Amendment Free Exercise Clause, and the Fourteenth Amended Substantive Due Process Clause. These claims likewise fail.

First, Plaintiff cannot evade the bar to a private right of action under OSHA by seeking to bring such a claim under Section 1983. *See City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 120 (2005) ("[T]o sustain a § 1983 action, the plaintiff must demonstrate that the federal statute creates an individually enforceable right in the class of beneficiaries to which he belongs."); *Toussaint*, 2026 WL 2687269, at *3 ("Plaintiffs also cannot seek redress for OSHA violations under Section 1983."); *Coombs-Moreno v. City of New York*, No. 22-cv-02234 (EK) (LB), 2024 WL 4287247, at *5 (E.D.N.Y. Sept. 25, 2024) ("Given this detailed scheme — as well as the Second Circuit's directive to read enforcement as reserved to the Secretary — it is clear that allowing OSHA enforcement under Section 1983 would be incompatible with Congress's dictates."), *aff'd sub nom. Ioio,* 2026 WL 731089. Accordingly, Plaintiff's improper attempt to bring his OSHA claims under Section 1983 fails.

Second, Plaintiff's remaining constitutional claims fail for a myriad of reasons. As an initial matter, Served Defendants are private entities and Plaintiff has failed to allege they are acting under color of state law. "To state a claim under 42 U.S.C. § 1983, the plaintiff must show that a defendant, acting under color of state law, deprived him of a federal constitutional or statutory right." *Sykes v. Bank of America*, 723 F.3d 399, 405-06 (2d Cir. 2013). The acts of a private entity can be attributed to the state when the entity is controlled or coerced to act by the state, when the entity acts jointly with the state, when the entity has been delegated a public function by the state, or when the entity is "entwined with governmental policies" or if "government is entwined in its management or control." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001); *see also Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257-58 (2d Cir. 2008).

Plaintiff first argues that Served Defendants' acts can be attributed to the state because New York City coerced Served Defendants into implementing the Vaccine Mandate. Opp'n at 32. But the fact that Served Defendants were "regulated by New York law with regards to its vaccination policy cannot alone transform it or its personnel into state actors." *Deniran v. Museum of Mod. Art*, No. 21-cv-09660 (RA) (SN), 2022 WL 3030508, at *2 (S.D.N.Y. June 17, 2022), *report and recommendation adopted*, No. 21-cv-9660 (RA)(SN), 2022 WL 3030513 (S.D.N.Y. Aug. 1, 2022) (quoting *Byng v. Delta Recovery Servs. LLC*, 568 F. App'x 65, 66 (2d Cir. 2014)); *see also Sykes*, 723 F.3d at 407 (rejecting argument that private entity acted under color of state law where it merely complied "with the directives of generally applicable state law. . . . We think the 'state compulsion' theory has little force in a case like this, where the private party plainly bears no responsibility for the challenged conduct, and where a remedy against the responsible state entity is fully adequate to effectuate § 1983's remedial purposes."); *see also Cagle v. Weill Cornell Med.*, No. 22-cv-6951 (LJL), 2024 WL 3520469, at *6 (S.D.N.Y. July 24, 2024), *aff'd*,

No. 24-2427, 2025 WL 2790408 (2d Cir. Sept. 30, 2025) ("The action complained of, that Cornell terminated Plaintiff for failing to become vaccinated, was not an act of the state. It was Cornell's act as an employer, albeit motivated by the laws and regulations of the state to which it was subject. But a private entity does not become a state actor merely because it was created by, or is funded, licensed, or regulated by, the government."); *Cheeks v. Montefiore Med. Ctr.*, No. 23-cv-2170 (JMF), 2023 WL 8235755, at *2 (S.D.N.Y. Nov. 28, 2023) ("[T]he fact that Cheeks's termination may have been precipitated by New York State's COVID-19 regulations does not alter the conclusion that Defendants are not state actors for purposes of the First Amendment and Section 1983.").

Plaintiff next argues that Served Defendants acted under color of state law because they engaged in a conspiracy with New York City. Opp'n at 32. "To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (quoting *Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992)). Conclusory allegations that a private entity acted in concert with a state actor does not suffice. *Id.* Plaintiff fails to allege any facts suggesting Served Defendants acted in concert with New York City. Instead he simply offers the conclusory allegation that Served Defendants had a "meeting of the minds" with New York City. FAC ¶ 236. In his opposition, Plaintiff argues that Served Defendants' adoption of the Vaccine Mandate is sufficient on its own to show a conspiracy. Opp'n at 32. But for the reasons discussed, compliance with the generally applicable Vaccine Mandate does not transform Served Defendants into state actors or their compliance with state regulations into a conspiracy. *See Sykes*, 723 F.3d at 407; *Byng*, 568 F. App'x at 66.

Third, even if Served Defendants were acting under color of state law, Plaintiff's constitutional claims nonetheless fail. Plaintiff argues he has a "fundamental substantive common law right" to object to the Vaccine Mandate on religious grounds and that enforcement of the Vaccine Mandate violated his constitutional rights. FAC ¶¶ 207-213. But the Second Circuit rejected this exact argument: "[B]oth this Court and the Supreme Court have consistently recognized that the Constitution embodies no fundamental right that in and of itself would render vaccine requirements imposed in the public interest, in the face of a public health emergency, unconstitutional." *Ioio*, 2026 WL 731089, at *3 (quoting *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 293 (2d Cir. 2021)). Thus, the Vaccine Mandate here passes constitutional muster given it was a neutral law of general applicability and New York City had a rational basis (addressing the COVID-19 public health crisis) for implementing it. *Id.* at *3.

For these reasons, Served Defendants' motion to dismiss Plaintiff's third cause of action is granted.

**III. Fraudulent Concealment**

Plaintiff's fourth cause of action for fraudulent concealment also fails. Plaintiff alleges that Served Defendants concealed his right under OSHA to refuse the COVID-19 vaccine. FAC ¶¶ 243-264.

To prevail on a fraudulent concealment claim under New York law, a plaintiff must allege (1) a duty to disclose material information, (2) failure to disclose it, (3) intent to defraud, (4) reliance, and (5) damages. *P.T. Bank Cent. Asia v. ABN AMRO Bank N.V.*, 301 A.D.2d 373, 376, 754 N.Y.S.2d 245, 250 (1st Dep't 2003). Plaintiff fails to adequately allege reliance or damages on any alleged concealment of his supposed rights to object since he specifically requested an exemption to the vaccine on religious grounds. FAC ¶ 147.

Moreover, the portions of OSHA to which Plaintiff points—29 U.S.C. § 669(a)(5) and 29 U.S.C. § 654(b)—do not create a duty for Served Defendants to disclose that Plaintiff had a right to object to the Vaccine Mandate on religious grounds. Section 669(a)(5) authorizes the Secretary of Health and Human Services to conduct research and establish "medical examinations and tests as may be necessary for determining the incidence of occupational illnesses and the susceptibility of employees to such illnesses." 29 U.S.C. § 669(a)(5). Section 669(a)(5) further provides that "[n]othing in this or any other provision of this chapter shall be deemed to authorize or require medical examination, immunization, or treatment for those who object thereto on religious grounds, except where such is necessary for the protection of the health or safety of others." 29 U.S.C. § 669(a)(5). Section 654(b) merely provides that employees must "comply with occupational safety and health standards and all rules, regulations, and orders issued pursuant to this chapter." 29 U.S.C. § 654(b). Plaintiff does not meaningfully address how these provisions create an affirmative duty for the Served Defendants to disclose to Plaintiff that he had a right under OSHA to object to the Vaccine Mandate on religious grounds. In his opposition brief, Plaintiff argues only that Served Defendants had a duty to disclose because they are "state actors." Opp'n at 33. But as discussed, Plaintiff has not plausibly alleged (and cannot) that Served Defendants operated as state actors or under the color of state law.

In short, Plaintiff fails to plausibly plead multiple elements of his fourth cause of action for fraudulent concealment. Accordingly, Served Defendants' motion to dismiss Plaintiff's fourth cause of action is granted.

**IV. Unfair Labor Practices**

Plaintiff's fifth cause of action asserts that RAB, 32BJ, and the various Served and Unserved Defendants who employed real estate industry service workers, committed an unfair

labor practice of wrongful discharge or discrimination by implementing the MOAs in violation of NLRA §§ 8(a)(3), (b)(1)(A), (b)(2).[9] FAC ¶¶ 265-276. This claim likewise fails.

Served Defendants first argue that this Court lacks jurisdiction over this claim. Mem. at 23-24. Plaintiff does not address this argument. Opp'n at 33-34. The Court agrees that it does not have subject matter jurisdiction over Plaintiff's unfair labor practice claims under Section 8 of the NLRA as they fall within the exclusive jurisdiction of the National Labor Relations Board ("NLRB"). *See San Diego Bldg. Trades Council, Millmen's Union, Loc. 2020 v. Garmon*, 359 U.S. 236, 245 (1959) ("When an activity is arguably subject to [Sections 7 or 8 of the NLRA], the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board."); *United Auto., Aerospace & Agr. Implement Workers of America, Local 33 v. R.E. Dietz Co.*, 996 F.2d 592, 595 (2d Cir. 1993) ("Because the [NLRB] generally has exclusive jurisdiction over unfair labor practice claims, the district court would not have jurisdiction over this claim.").

Even if not preempted by the NLRB's exclusive jurisdiction, Served Defendants argue, Mem. at 23-24, Plaintiff's Section 8 claims additionally fail because he has failed to allege he was retaliated or discriminated against on the basis of having engaged in "concerted activity." *See Domnister v. Exclusive Ambulette, Inc.*, 607 F.3d 84, 89 (2d Cir. 2010) ("In order to fall under Section 8 of the NLRA, plaintiffs must be alleging that they were retaliated against on the basis of having engaged in concerted protected activity. Concerted protected activity, as defined by Section 7, requires that an employee's action be taken for purposes of collective bargaining or other mutual aid or protection.") (citation modified). In his opposition, Plaintiff makes clear that he "does not

[9] The relevant provisions are codified at 29 U.S.C. §§ 158(a)(3), (b)(1)(A), (b)(2).

assert NLRA [Section] 7 'concerted activity'" and that the "NLRA has no application." Opp'n at 35. Accordingly, his unfair labor practices claim fails for this reason as well.

Served Defendants alternatively argue that to the extent Plaintiff is attempting to assert a duty of fair representation claim, such a claim also fails. Mem. at 24-25. The Court notes that nowhere in the FAC does Plaintiff refer to such a claim. *See generally* FAC. However, in his opposition brief, Plaintiff appears to argue he is bringing such a claim by disclaiming reliance on the NLRA generally and styling his header concerning these claims as "Claims against Union & RAB & Duty of Fair Representation." Opp'n at 34-35. Even construing the FAC as asserting a duty of fair representation claim, that claim is plainly time-barred. "An employee's claim against a union for breaching its duty of fair representation is a cause of action implied under the scheme of the NLRA." *Kalyanaram v. American Ass'n of Univ. Professors at New York Inst. of Tech., Inc.*, 742 F.3d 42, 46 (2d Cir. 2014) (citation modified). However, such claims are subject to a six-month limitations period. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983); *Kalyanaram*, 742 F.3d at 46.

Here, Plaintiff's duty of fair representation claim is premised on the MOAs that 32BJ and RAB entered into that allegedly directed employers of real estate industry workers, such as Allied, to implement the Vaccine Mandate and place on leave/terminate those employees who failed to get vaccinated. FAC ¶¶ 58, 215, 265-276; Opp'n at 34-35. These MOAs were executed between March 2020 and December 2021. FAC ¶¶ 58, 215, 263. Accordingly, since Plaintiff filed his complaint on January 18, 2025, his claim is plainly barred by the applicable six-month statute of limitations.

Moreover, even if not time-barred, Plaintiff has failed to plausibly allege that 32BJ breached its duty of fair representation by entering into the MOAs. To state a cognizable claim, Plaintiff must plead facts that the agreement 32BJ reached is "so far outside a wide range of

reasonableness, that it is wholly irrational or arbitrary." *Air Line Pilots Ass'n, Int'l v. O'Neill,* 499 U.S. 65, 78 (1991) (citation modified). While not addressing this standard, Plaintiff simply reiterates his failed argument that the MOA's enforcement of the Vaccine Mandate violated federal law and is preempted by OSHA. Opp'n at 34-35; FAC ¶¶ 265-276. But as discussed throughout, this argument is unavailing.

In short, this Court does not have jurisdiction to entertain Plaintiff's asserted NLRA claims. To the extent he brings a duty of fair representation claim, such claim fails as well. Accordingly, Served Defendants' motion to dismiss Plaintiff's fifth cause of action is granted.

**V. All Claims Against Unserved Defendants Are Similarly Dismissed**

For the same reasons articulated above, the Court dismisses Plaintiff's claims against the Unserved Defendants as they necessarily fail for the same reasons. *See Gibson*, 2024 WL 1217528, at *9 n.14 (S.D.N.Y. Mar. 19, 2024) (dismissing claims against defendant who had not been served because the claims suffered from the same deficiencies as those brought against the served defendants and collecting cases); *Conway*, 2019 WL 1331624, at *6-13 & n.3 (dismissing claim against defendant who had not been served and had not appeared given complaint failed to state a claim against him); *McLean v. Brown,* No. 08-cv-5200 (JG), 2010 WL 2609341, at *8 (E.D.N.Y. June 25, 2010) ("Because McLean's claims against the unserved defendants necessarily fail for the same reasons that the complaint fails to state a claim against the served defendants, I exercise my authority to dismiss the complaint as it pertains to the unserved defendants.").[10]

[10] To the extent any Unserved Defendants can be considered state actors, Plaintiff's constitutional claims brought under Section 1983 fail because, as discussed, the Vaccine Mandate passes constitutional muster, and Plaintiff has not alleged a violation of his constitutional rights. *See Ioio*, 2026 WL 731089, at *3.

## CONCLUSION

For the foregoing reasons, Defendants' motion is granted in full and Plaintiff's Fifth Amended Complaint is dismissed in its entirety. All of Plaintiff's claims are dismissed with prejudice. Plaintiff, who is represented by counsel, has been given five opportunities to amend his complaint and any further attempt would be futile. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *Creative Photographers, Inc. v. Grupo Televisa, S.A.B.*, 763 F. Supp. 3d 618, 640 (S.D.N.Y. 2025) (dismissing with prejudice where plaintiff "has had multiple opportunities to amend, and any further amendment would be futile"). Further Plaintiff has not sought leave to amend further. *Felder v. United States Tennis Ass'n,* 27 F.4th 834, 848 (2d Cir. 2022) ("[W]e certainly see no error or abuse of discretion in the District Court's dismissal of Felder's complaint with prejudice, as Felder did not request leave to re-amend.").

The Clerk of Court is respectfully requested to terminate docket entry 93 and close the case.

**SO ORDERED.**

**Date: September 28, 2026**
**New York, NY**

Mary Kay Vyskocil

**MARY KAY VYSKOCIL**
**United States District Judge**